**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERRY L. GANT | |
| Appellant | No. 2059 MDA 2015 |

Appeal from the Order Entered November 3, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000111-2013

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED MAY 06, 2016**

Jerry Gant appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On September 23, 2013, Gant entered a negotiated plea of guilty to three counts of possession with intent to deliver ("PWID").[1]  In accordance with the negotiated plea, the court sentenced Gant as follows: Count One, possession with intent to deliver alprazolam, 1½-3 years' imprisonment; Count Two, possession with intent to deliver oxycodone, 4½-9 years' imprisonment; and Count Three, possession with intent to deliver hydrocodone, 2-4 years' imprisonment, a mandatory minimum sentence

---

[1] 35 P.S. § 780-113(a)(30).

under the school zone mandatory minimum sentence statute, 18 Pa.C.S. § 6317. All sentences ran concurrently with each other for an aggregate sentence of 4½-9 years' imprisonment. Gant did not file a direct appeal.

On July 6, 2015, Gant filed a *pro se* motion claiming that his sentence was illegal under **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013). The court treated this motion as a PCRA petition and appointed counsel to represent Gant. On September 9, 2015, counsel filed a **Turner/Finley**[2] letter and a motion to withdraw as counsel. On October 13, 2015, the court filed a notice of intent to dismiss Gant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On October 23, 2015, Gant filed a response to the Rule 907 notice. On November 5, 2015, the court granted counsel leave to withdraw and dismissed Gant's petition. Gant filed a timely notice of appeal to this Court. The court filed a Pa.R.A.P. 1925 opinion without ordering Gant to file a Pa.R.A.P. 1925(b) statement.

We first address whether counsel has substantially complied with the procedural requirements to withdraw as counsel for Gant. In **Commonwealth v. Pitts**, 981 A.2d 875 (2009), our Supreme Court stated:

> [i]ndependent review of the record by competent counsel is required before withdrawal is permitted. **Turner**, at 928 (citing **Pennsylvania v. Finley**, 481 U.S. 551, 558, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Such independent review requires proof of:

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

1) A 'no-merit' letter by PC[R]A counsel detailing the nature and extent of his review;
2) The 'no-merit' letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
3) The PC[R]A counsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless;
4) The PC[R]A court conducting its own independent review of the record; and
5) The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.,* 981 A.2d at 876 n. 1.

In ***Commonwealth v. Friend****,* 896 A.2d 607 (Pa.Super.2006), this Court added another requirement for counsel seeking to withdraw in collateral proceedings. We announced that

PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Id*. at 614.

In ***Pitts****,* our Supreme Court abrogated ***Friend*** in part. The Supreme Court granted allowance of appeal to determine whether, in ***Friend****,* the Superior Court erred in creating a new ***Turner/Finley*** requirement, *sua sponte,* "by finding PCRA counsel's no-merit letter defective for failing to address issues Pitts never raised, and which were not apparent from the record." ***Pitts****,* 981 A.2d at 878. The Supreme Court ultimately disapproved of this Court's holding in ***Friend*** "[t]o the extent ***Friend*** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of

- 3 -

a no-merit letter when the defendant has not raised such issue[.]" ***Pitts***, 981 A.2d at 879. On the other hand, the Supreme Court did not overrule ***Friend's*** requirement that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se,* or with the assistance of privately retained counsel.

With these standards in mind, we conclude that counsel has substantially complied with the procedural requirements of ***Turner*** and ***Finley.*** Counsel identified the ***Alleyne*** claim asserted by Gant, reviewed its merits and explained why it lacks merit. Moreover, complying with the additional requirement imposed in ***Friend,*** but not overruled in ***Pitts,*** counsel notified Gant in writing that if the PCRA court granted counsel's petition to withdraw, Gant could proceed with privately retained counsel or *pro se.*

We now turn to Gant's ***Alleyne*** issue. Our standard and scope of review are well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We

> grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super.2012) (some citations and footnote omitted).

Gant's sole argument is that his sentence is illegal under *Alleyne*. *Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Id*., 131 S.Ct. at 2160-61. Gant argues his sentence is unconstitutional because the trial court applied the school zone mandatory minimum statute to his sentence without a jury and under a preponderance of the evidence standard. We lack jurisdiction to review this issue under the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b), because Gant raised it for the first time more than one year after his judgment of sentence became final.

Section 9545 provides that a PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz,* 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa.2003)). A

judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Gant's judgment of sentence became final on October 23, 2013, the last day for filing a direct appeal to the Superior Court. Thus, Gant had until October 23, 2014 to file a PCRA petition raising *Alleyne*. Gant did not

file his petition until July 6, 2015, when he cited **Alleyne** in his motion to vacate his sentence. Thus, his PCRA petition, and his attempt to raise **Alleyne** therein, is untimely on its face.

Nor do any of the exceptions in section 9545(b)(i)-(iii) apply to this case. Gant does not allege government interference under subsection (b)(i) or newly discovered evidence under subsection (b)(ii). Finally, the retroactive constitutional right exception in subsection (b)(iii) does not apply. The retroactive right exception only applies when the United States Supreme Court or Pennsylvania Supreme Court (1) recognizes a constitutional right *after* the one-year PCRA limitation period and (2) holds that this right applies retroactively. **See** 42 Pa.C.S. § 9543(b)(iii) (constitutional right must be "recognized … *after* the time period provided in this section") (emphasis added). Here, the United States Supreme Court decided **Alleyne** on June 17, 2013, three months *before* Gant was sentenced (and thus *before* the PCRA limitation period began running). Thus, Gant's case does not fall within subsection (b)(iii)'s narrow exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016

- 7 -